UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VFI FINANCE TRUST and
VARILEASE FINANCE, INC.,

    Plaintiffs,        Case No. 2:26-cv-11001

v.              Honorable Susan K. DeClercq
               United States District Judge
PENMARK TRANSPORTATION, INC.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' *EX PARTE* MOTION FOR IMMEDIATE POSSESSION (ECF No. 4)

On March 25, 2026, Plaintiffs VFI Finance Trust and Varilease Finance, Inc. sued Defendant Penmark Transportation, Inc. ("Penmark") for breaching a lease agreement, alleging that Penmark has not made the required payments to lease ten 2026 Volvo semi-trucks ("the trucks") from Plaintiffs. ECF No. 1. Plaintiffs also sued Penmark's guarantors, Zhanet N. Popcheva and Georgi Nikolov Tsenov, alleging that they breached the lease by not covering Penmark's obligations as promised. *Id.* at PageID.2. As of the date of this Order, it does not appear that Plaintiffs have served a copy of the Complaint, ECF No. 1, and summons, ECF No. 2, on Defendants, and no counsel has appeared for Defendants.

The very next day, Plaintiffs filed an emergency motion under Civil Rule 64 seeking an order authorizing them to immediately possess the trucks, pending

judgment. ECF No. 4. Plaintiffs also request that this Court order Penmark to (1) disclose the location of the trucks, (2) immediately surrender them to Plaintiffs, and (3) refrain from impairing or concealing the trucks. *Id.* at PageID.43. Finally, Plaintiffs request a finding that no bond is required and that prompt hearing on the motion be held. *Id.*

Importantly, Plaintiffs admit they have not yet served Defendants with the motion, stating instead that upon receiving this Court's order on the motion, they "will promptly send a copy of the order by email and overnight courier service to" Defendants. *Id.* at PageID.40.

Civil Rule 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). Under the relevant Michigan law, one such available remedy is a "claim and delivery" action. Mich. Ct. R. § 3.105(E). According to the relevant Michigan Court Rule:

> (1) After the complaint is filed, the plaintiff may file a verified motion requesting possession pending final judgment. The motion must
>
>> (a) describe the property to be seized, and
>>
>> (b) state sufficient facts to show that the property described will be damaged, destroyed, concealed, disposed of, or used so as to substantially impair its value, before final judgment unless the property is taken into custody by court order.

- 2 -

(2) After a motion for possession pending final judgment is filed, the court, if good cause is shown, must order the defendant to

(a) refrain from damaging, destroying, concealing, disposing of, or using so as to substantially impair its value, the property until further order of the court; and

(b) appear before the court at a specified time to answer the motion.

Mich. Ct. R. § 3.105(E)(1)–(2).

But under Civil Rule 1, "the Federal Rules of Civil Procedure must 'govern the procedure in all civil actions and proceedings in the United States district courts.'" *Prime Alliance Bank, Inc. v. Great Lakes Tissue Co.*, No. 23-10564, 2023 WL 9181264, at *2 (E.D. Mich. Mar. 18, 2023) (quoting FED. R. CIV. P. 1). Therefore, requests for *ex parte* orders "will be construed as a motion for the issuance of a temporary restraining order under" Civil Rule 65. *Id.* (quoting *JP Morgan Chase Bank, N.A. v. Superior Carpet Supplies, Inc.*, No. 09-12134, 2009 WL 10720329, at *2 (E.D. Mich. June 19, 2009)); *see also Glacier Sales & Eng'g., LLC v. Eagle Plastics Corp.*, No. 07-13806, 2007 WL 2694402, at *1 (E.D. Mich. Sept. 11, 2007) (analyzing *ex parte* requests made under Civil Rule 64 and Mich. Ct. R. § 3.105 to seize machinery products from a manufacturing agreement in accordance with Civil Rule 65(b) standards for temporary restraining orders).

Civil Rule 65(b) states that federal district courts "may issue a temporary restraining order without written or oral notice to the adverse party" only when:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1)(A)–(B).

Here, Plaintiffs have not satisfied the requirements of Rule 65(b). Their motion does not articulate specific facts in an affidavit or verified complaint that immediate injury or loss will occur *before* notice can be given to Defendants. *See* FED. R. CIV. P. (b)(1)(A). Nor have they "certifie[d] in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B). Although Plaintiffs acknowledge that they have an established method of e-mail communication with Defendants, they merely state that they will promptly serve Defendants "upon receiving the order"—not before. ECF No. 4 at PageID.40.

Therefore, this Court will deny without prejudice Plaintiffs' *ex parte* motion. *See Prime*, 2023 WL 9181264, at \*2 (denying without prejudice the plaintiffs' *ex parte* motion for seizure under Civil Rule 64 for not complying with the notice requirements in Civil Rule 65(b)); *see also Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (denying an *ex parte* motion for injunctive relief for failure to comply with Civil Rule 65's procedural requirements) (collecting cases).

Accordingly, it is **ORDERED** that Plaintiffs' Emergency Motion for Immediate Possession, ECF No. 4, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: March 27, 2026