UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VFI FINANCE TRUST and
VARILEASE FINANCE, INC.,

        Plaintiffs,

v.

PENMARK TRANSPORTATION, INC.,

        Defendants.

_____/

Case No. 2:26-cv-11001

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING PLAINTIFFS' RENEWED MOTION FOR IMMEDIATE POSSESSION PENDING JUDGMENT (ECF No. 13) AND ORDERING DEFENDANTS TO DISCLOSE THE LOCATIONS OF THE VEHICLES AT ISSUE**

Before this Court is Plaintiffs VFI Finance Trust ("VFI") and Varilease Finance, Inc.'s ("Varilease") renewed motion for immediate possession of ten 2026 Volvo semi-trucks pending judgment. After a hearing on the motion, this Court finds that Plaintiffs have shown that their right to possession of the trucks is probably valid, so it will grant the motion and order Defendants to disclose the locations of the vehicles at issue.

## I. BACKGROUND

### A. Factual History[1]

Plaintiffs VFI and Varilease "are in the business of leasing equipment and other property to lessees in the form of finance leases" by purchasing property that another entity is interested in, and then leasing the property to the interested entity. ECF No. 1 at PageID.3. In August 2025, Defendant Penmark Transportation, Inc. ("Penmark"), contacted Plaintiffs about leasing some semi-trucks, so Plaintiffs entered into a purchase agreement with Worldwide Equipment of OH Inc. ("Worldwide Equipment") for ten 2026 Volvo semi-trucks ("the Trucks"). *See* ECF No. 13-5 at PageID.158–59.

Plaintiffs and Penmark then entered into a lease agreement for the Trucks under which Penmark agreed to pay monthly rental fees to Plaintiffs. ECF No. 1. at PageID.4–6. Penmark had two guarantors, Zhanet N. Popcheva and Georgi Nikolov Tsenov, who agreed to cover Penmark's obligations if necessary. *Id.* at PageID.4. According to the lease agreement, if Penmark failed to perform its obligations— such as pay its rental fees or other owed charges—after ten days past the due date, then the agreement's provisions about default would be triggered, entitling Plaintiffs to certain financial protections and property rights over the Trucks. *See id.* at PageID.7–8. The lease also included a "Schedule No. 1" outlining the details about

---

[1] These facts are from the Plaintiffs' filings since Defendants have not appeared yet.

the Trucks, the agreed upon fees and payments, and a provision granting Plaintiffs "with powers of attorney so that [Plaintiffs] could retitle the" Trucks. *See id.* at PageID.2, 9; *see also* ECF No. 13-4.

In October 2025, "Penmark executed Authorization for Progress Payment 1," which authorized Plaintiffs to finalize the purchase of the Trucks from Worldwide Equipment and triggered Penmark's monthly fee requirements owed to Plaintiffs. *Id.* at PageID.8–9; *see also* ECF No. 13-5. However, according to Plaintiffs, Penmark failed to pay the rental fees for November 2025, December 2025, January 2026, and February 2026. ECF No. 1. at PageID.9. Plaintiffs also allege that Penmark failed to sign essential closing documents, including an amendment to the Schedule document with the power of attorney provision. *Id.*; *see also* ECF Nos. 13-4 at PageID.152–53; 13-6 at PageID.161.

After notifying Defendants of their defaults in February 2026, Plaintiffs "instructed Defendants to have the [Trucks] returned" to a designated address "so that [Plaintiffs] could obtain possession of the [Trucks]." *Id.*; *see also* ECF Nos. 13-6; 13-7. But by March 25, 2026, Defendants failed to remedy the lease agreement breaches or allow Plaintiffs to pick up the Trucks, so Plaintiffs sued Defendants for breach of contract. ECF No. 1. at PageID.10–12.

### B. Procedural History

On March 26, 2026—one day after Plaintiffs filed their complaint—Plaintiffs filed an emergency motion under Civil Rule 64 for immediate possession of the Trucks pending judgment. ECF No. 4. In the motion, Plaintiffs requested that this Court order Penmark to disclose the location of the Trucks and immediately surrender them to Plaintiffs, noting that pursuant to the lease agreement's terms, Plaintiffs could repossess the Trucks upon a default in payments. *Id.* at PageID.43; *see also* ECF No. 4-2 at PageID.53–56.

The following day, this Court denied the motion without prejudice because Plaintiffs expressly acknowledged that they had not yet served Defendants with the motion but did not address the requirements under Civil Rule 65 for *ex parte* motions seeking preliminary injunctive relief. ECF No. 6. Plaintiffs then proceeded to serve Defendants.[2] *See* ECF Nos. 7–12; 15–16 (containing certificates with proofs of service for all Defendants).

On April 21, 2026, Plaintiffs filed a renewed motion for immediate possession of the Trucks pending a hearing, arguing that they have "superior ownership and

---

[2] One summons was returned as unexecuted as to Penmark by way of its registered agent, Joseph Varan. ECF No. 16. However, Tsenov was also served in his capacity to accept service of process on behalf of Penmark, *see* ECF Nos. 8; 10, meaning Penmark was still properly served.

possessory rights to the [] Trucks," and that Defendants have been concealing and refuse to disclose the location of the Trucks. ECF No. 13 at PageID.117–19.

Then on April 23, 2026, clerk's entries of default were entered against each Defendant at Plaintiffs' request. *See* ECF Nos. 17–20. That same day, this Court found good cause to grant Plaintiffs request for a hearing, and this Court scheduled a hearing and ordered Defendants to refrain from damaging the Trucks until further order of this Court. ECF No. 21. This Court also ordered Plaintiffs to serve copies of the order on Defendants, who still had not filed appearances. *Id.* at PageID.183.

On May 6, 2026, this Court held a hearing to determine whether Plaintiffs could show a probable valid right to possession of the Trucks. *See id.* The hearing was scheduled for 10:00 a.m., and after waiting an additional 15 minutes, Defendants did not appear.

At the hearing, Plaintiffs clarified that they did not have physical certificates of titles for the Trucks but that they held legal title as evident in the lease agreement and related documents where the Parties essentially acknowledge that "title has at all times been with [Plaintiffs]." *See generally* ECF Nos. 13-3 at PageID.144; 13-4 at PageID.152; 13-5 at PageID.156. Plaintiffs also highlighted at the hearing that the purchase order demonstrated that Plaintiffs owned the Trucks after buying them from Worldwide Equipment. Additionally, Plaintiffs' counsel updated the Court that Penmark had contacted Plaintiffs last week asking about restructuring the lease

agreement. Plaintiffs expressed that they would "prefer to work something out with Defendants" but would continue to pursue default and the requested injunctive relief unless or until they "work[ed] something out." Accordingly, Plaintiffs requested that this Court grant the motion and order Defendants to disclose the location of the Trucks. If default judgment were entered, then Plaintiffs would ask this Court to allow Plaintiffs to relocate and repossess the Trucks.

## II. LEGAL STANDARD

Civil Rule 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." FED. R. CIV. P. 64(a). Under the relevant Michigan law, one such available remedy is a "claim and delivery" action. Mich. Ct. R. § 3.105(E); *see also* MICH. COMP. LAWS § 600.2920. "A claim and delivery action allows a party to recover possession of goods or chattels unlawfully detained and may be brought by a person, who at the time the action is commenced, has the right to the possession of the goods or chattels at issue." *Varilease Fin., Inc. v. Wholesale Exotics, Inc.*, No. 22-12648, 2022 WL 19333356, at *2 (E.D. Mich. Dec. 1, 2022) (internal quotation marks and citations omitted). According to the relevant Michigan Court Rules, "[a]fter a motion for possession pending final judgment is filed, the court, if good cause is shown, must order the defendant to (a) refrain from damaging, destroying,

concealing, disposing of, or using so as to substantially impair its value, the property until further order of the court; and (b) appear before the court at a specified time to answer the motion." *Sutton Leasing, Inc. v. Veterans Rideshare, Inc.*, No. 20-10815, 2020 WL 1541770, at *3 (E.D. Mich. Mar. 31, 2020) (quoting Mich. Ct. R. § 3.105(E)(2)).

Then "[a]t a subsequent hearing on the motion, the plaintiff must then prove that its 'right to possession is probably valid.'" *Auramet Int'l, LLC v. Metals*, No. 16-cv-11177, 2016 WL 4087234, at *5 (E.D. Mich. Aug. 2, 2016) (quoting Mich. Ct. R. 3.105(E)(b)(i)). "Claim and delivery is a possessory action not intended to resolve legal title." *Varilease Finance, Inc. v. Wholesale Exotics, Inc.*, No. 22-12648, 2022 WL 19333356, at *4 (E.D. Mich. Dec. 1, 2022) (citation modified). "Simply put, legal title is an element of claim and delivery, not the goal." *Novak v. Federspiel*, 646 F. Supp. 3d 878, 888 (E.D. Mich. 2022). "Claim-and-delivery judgments only resolve the *right* of possession." *Id.* (emphasis added). "The right to maintain replevin has been denied where the [claimant] has no legal title to the property sought, or fails to show any right to immediate possession thereof." *Varilease*, 2022 WL 19333356, at *4 (citation modified).

### III. DISCUSSION

This Court finds that Plaintiffs have established a "right to possession [of the Trucks that] is probably valid" on the basis of its purchase agreement with

Worldwide Equipment. *See Auramet Int'l, LLC*, 2016 WL 4087234, at *5; *see also* MICH. COMP. LAWS § 600.2920. As Plaintiffs acknowledged at the hearing and in the complaint, they do not hold the physical titles to the Trucks because Defendants allegedly failed to provide Plaintiffs with power of attorney to retitle the Trucks in Plaintiffs' name. *See* ECF No. 1 at PageID.6, 9–10. But the Parties acknowledged through the lease agreement that Plaintiffs held legal title to the Trucks, having purchased the Trucks from Worldwide Equipment. *See* ECF No. 13 at PageID.117 (citing various sections of the Parties' documented agreements acknowledging Plaintiffs' legal title to the Trucks); *see also* ECF Nos. 13-3 at PageID.144; 13-4 at PageID.152; 13-5 at PageID.156. Indeed, the purchase agreement between Plaintiffs and Worldwide Equipment—as executed upon Defendants' signature to the Authorization for Progress Payment No. 1—establishes that Plaintiffs have legal title by owning the Trucks. *See* ECF No. 13-5; *see also Novak*, 646 F. Supp. 3d at 888. Thus, Plaintiffs have met their burden of establishing a probable right to possession of the Trucks, so this Court will grant Plaintiffs' motion. *Cf. Varilease*, 2022 WL 19333356, at *4 (denying a motion for immediate possession where the plaintiffs failed to show legal title or any documentary evidence for a legal right to possession of the vehicles at issue beyond a lease agreement with a default clause and certificates of physical title).

- 9 -

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' Renewed Motion for Immediate Possession, ECF No. 13, is **GRANTED**.

It is further **ORDERED** that Defendants must **DISCLOSE** the location of the trucks and continue to **REFRAIN** from damaging, destroying, concealing, disposing of, or using so as to substantially impair its value, the trucks at issue until further order of this Court.

It is further **ORDERED** that Plaintiffs are directed to **SERVE** Defendants with a copy of this Order and file proof of service no later than May 22, 2026.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 13, 2026